# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | Civ. No. 1:13-cv-02394 |
| Plaintiff, | Hon. Rebecca R. Pallmeyer |
| v. | **JURY TRIAL DEMANDED** |
| OPTIONSHOUSE, LLC and PEAK6 INVESTMENTS, L.P., | |
| Defendants. | |

## ANSWER OF PEAK6 INVESTMENTS, L.P. TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant PEAK6 Investments, L.P. ("PEAK6") responds to the Original Complaint for Patent Infringement ("Complaint") of Plaintiff Joao Bock Transaction Systems, LLC ("Plaintiff" or "Joao Bock") as follows:

## PEAK6'S ANSWER TO PLAINTIFF'S COMPLAINT

1.  PEAK6 admits that the Complaint purports to state a claim of patent infringement and seeks injunctive relief and monetary damages. PEAK6 further admits that U.S. Patent No. 6,047,270 (the "'270 patent") is on its face entitled "Apparatus and Method for Providing Account Security," U.S. Patent No. 6,529,725 (the "'725 patent") is entitled "Transaction Security Apparatus and Method," and U.S. Patent No. 7,096,003 (the "'003 patent") is entitled "Transaction Security Apparatus" (collectively, the "patents-in-suit") and that the patents-in-suit are attached to the Complaint. PEAK6 lacks knowledge or information sufficient to form a

1

belief as to the truth of the remaining allegations of Paragraph 1 and therefore denies the same, and specifically denies that it has infringed any valid claim of any of the patents-in-suit.

2. PEAK6 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. PEAK6 denies that OptionsHouse, LLC ("OptionsHouse") is a corporation but admits that OptionsHouse is organized and existing under the laws of the state of Delaware, and has its principal place of business at 141 W. Jackson Blvd., Suite 800, Chicago, Illinois 60604. PEAK6 further admits that OptionsHouse may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. PEAK6 further admits that OptionsHouse does business through its website, www.optionshouse.com. PEAK6 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and therefore denies the same.

4. PEAK6 denies that it is a corporation organized and existing under the laws of the state of Delaware. PEAK6 admits that it has its principal place of business at 141 W. Jackson Blvd., Suite 500, Chicago, Illinois 60604. PEAK6 further admits that it may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. PEAK6 denies that it does business through its website, www.peak6.com. PEAK6 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies the same.

5. PEAK6 admits that the Complaint purports to state a claim arising under 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271 and 281-285. PEAK6 further admits that this

Court has subject matter jurisdiction over claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. PEAK6 denies as moot all of the allegations of Paragraph 6, as this case is no longer venued in the Northern District of Georgia.

7. PEAK6 denies the allegations in Paragraph 7.

8. The allegations of Paragraph 8 are legal conclusions which require no response by PEAK6. To the extent a response is deemed to be required, PEAK6 denies the allegations of Paragraph 8.

9. PEAK6 denies as moot all of the allegations of Paragraph 9, as this case is no longer venued in the Northern District of Georgia.

10. PEAK6 incorporates by reference its answers to each of Paragraphs 1-9 above.

11. PEAK6 admits that the '270 patent, on its face, indicates that it issued on April 4, 2000 and that Raymond Anthony Joao and Robert Richard Bock are named therein as inventors, but denies that the '270 patent was duly and legally issued by the United States Patent and Trademark Office. PEAK6 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same.

12. PEAK6 admits that OptionsHouse owns, operates, advertises and controls OptionsHouse's website, optionshouse.com. PEAK6 admits that it owns, operates, advertises and controls its website, peak6.com. PEAK6 denies the remaining allegations in Paragraph 12.

13. PEAK6 denies the allegations in Paragraph 13.

14. PEAK6 denies the allegations in Paragraph 14.

15. PEAK6 denies the allegations in Paragraph 15.

16. PEAK6 denies the allegations in Paragraph 16.

17. PEAK6 denies the allegations in Paragraph 17.

18. PEAK6 re-alleges and incorporates by reference its answers to each of Paragraphs 1-17 above.

19. PEAK6 admits that the '725 patent, on its face, indicates that it issued on March 4, 2003 and that Raymond Anthony Joao and Robert Richard Bock are named therein as inventors, but denies that the '725 patent was duly and legally issued by the United States Patent and Trademark Office. PEAK6 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies the same.

20. PEAK6 admits that OptionsHouse owns, operates, advertises and controls OptionsHouse's website, www.optionshouse.com. PEAK6 admits that it owns, operates, advertises and controls its website, www.peak6.com. PEAK6 denies the remaining allegations in Paragraph 20.

21. PEAK6 denies the allegations in Paragraph 21.

22. PEAK6 denies the allegations in Paragraph 22.

23. PEAK6 denies the allegations in Paragraph 23.

24. PEAK6 denies the allegations in Paragraph 24.

25. PEAK6 denies the allegations in Paragraph 25.

26. PEAK6 re-alleges and incorporates by reference its answers to each of Paragraphs 1-25 above.

27. PEAK6 admits that the '003 patent, on its face, indicates that it issued on August 22, 2006 and that Raymond Anthony Joao and Robert Richard Bock are named therein as

inventors, but denies that the '003 patent was duly and legally issued by the United States Patent and Trademark Office. PEAK6 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies the same.

28. PEAK6 admits that OptionsHouse owns, operates, advertises and controls its website, www.optionshouse.com. PEAK6 admits that it owns, operates, advertises and controls its website, www.peak6.com. PEAK6 denies the remaining allegations in Paragraph 28.

29. PEAK6 denies the allegations in Paragraph 29.

30. PEAK6 denies the allegations in Paragraph 30.

31. PEAK6 denies the allegations in Paragraph 31.

32. PEAK6 denies the allegations in Paragraph 32.

33. PEAK6 denies the allegations in Paragraph 33.

## JURY DEMAND

34. PEAK6 admits that Joao Bock has requested a trial by jury.

## PRAYER FOR RELIEF

35. PEAK6 denies that Joao Bock is entitled to the relief it requests in the Complaint or to any relief whatsoever from PEAK6.

## AFFIRMATIVE DEFENSES

PEAK6 asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. PEAK6 has not and does not infringe any valid and enforceable claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

3. PEAK6 has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

4. The patents-in-suit, and each claim thereof, are invalid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

5. The patents-in-suit are unenforceable as a result of inequitable conduct committed by an individual or individuals associated with the filing and/or prosecution of the patent applications relating to the patents-in-suit.

6. The patents-in-suit are unenforceable because Plaintiff has misused the patents-in-suit by attempting to enforce them despite knowing that they are invalid and unenforceable.

7. Plaintiff is barred from recovering any costs by 35 U.S.C. § 288.

8. Plaintiff's claim for patent infringement is barred against PEAK6 under the doctrine of prosecution history estoppel.

9. Plaintiff's claims are barred by waiver, laches and equitable estoppel.

10. Plaintiff's claims are barred by the doctrine of unclean hands.

11. PEAK6 reserves the right to add to or amend this list of Affirmative Defenses with additional defenses that discovery may yield.

## COUNTERCLAIMS

1. PEAK6 is a limited partnership company organized and existing under the laws of the State of Delaware.

2. Upon information and belief, Joao Bock is a Delaware corporation.

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Venue is technically proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

5. Joao Bock has asserted in the Complaint that PEAK6 infringes the patents-in-suit. Accordingly, an actual controversy exists between PEAK6 and Joao Bock over the alleged infringement, invalidity and unenforceability of the patents-in-suit.

## FIRST COUNTERCLAIM - NON-INFRINGEMENT OF THE '270 PATENT

6. PEAK6 incorporates and realleges Counterclaim Paragraphs 1-5 as though fully set forth herein.

7. PEAK6 has not infringed and does not infringe any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

8. PEAK6 has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

9. PEAK6 seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

10. PEAK6 seeks a declaratory judgment that it has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM - INVALIDITY OF THE '270 PATENT

11. PEAK6 incorporates and realleges Counterclaim Paragraphs 1-10 as though fully set forth herein.

12. The '270 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

13. PEAK6 therefore seeks a declaratory judgment that each claim of the '270 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

## THIRD COUNTERCLAIM - NON-INFRINGEMENT OF THE '725 PATENT

14. PEAK6 incorporates and realleges Counterclaim Paragraphs 1-13 as though fully set forth herein.

15. PEAK6 has not infringed and does not infringe any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

16. PEAK6 has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

17. PEAK6 seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

18. PEAK6 seeks a declaratory judgment that it has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

**FOURTH COUNTERCLAIM - INVALIDITY OF THE '725 PATENT**

19. PEAK6 incorporates and realleges Counterclaim Paragraphs 1-18 as though fully set forth herein.

20. The '725 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

21. PEAK6 therefore seeks a declaratory judgment that each claim of the '725 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

**FIFTH COUNTERCLAIM - NON-INFRINGEMENT OF THE '003 PATENT**

22. PEAK6 incorporates and realleges Counterclaim Paragraphs 1-21 as though fully set forth herein.

23. PEAK6 has not infringed and does not infringe any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

24. PEAK6 has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

25. PEAK6 seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

26. PEAK6 seeks a declaratory judgment that it has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM - INVALIDITY OF THE '003 PATENT

27. PEAK6 incorporates and realleges Counterclaim Paragraphs 1-26 as though fully set forth herein.

28. The '003 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

29. PEAK6 therefore seeks a declaratory judgment that each claim of the '003 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

## PRAYER FOR RELIEF

PEAK6 respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. An order and judgment declaring that PEAK6 does not infringe any claim of any of the patents-in-suit;

b. An order and judgment declaring that the claims of the patents-in-suit are invalid and/or unenforceable;

c. Dismissal of the Complaint with prejudice;

d. An order declaring this case exceptional and awarding PEAK6 its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. Any other relief that the Court may deem appropriate and just under the circumstances.

**JURY DEMAND**

PEAK6 requests a trial by jury on all issues so triable.

Dated: May 9, 2013

Respectfully submitted,

*/s/ James J. Lukas, Jr.*
James J. Lukas, Jr.
lukasj@gtlaw.com
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435

Scott J. Bornstein (*pro hac vice*)
bornsteins@gtlaw.com
Allan A. Kassenoff (*pro hac vice*)
kassenoffa@gtlaw.com
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Fax: (212) 801-6400

*Counsel for Defendant and Counterclaim-Plaintiff PEAK6 Investments, L.P.*

**CERTIFICATE OF SERVICE**

      I, James J. Lukas, Jr., an attorney, certify that on May 9, 2013, a true and correct copy of the foregoing document was served on counsel of record electronically through the Northern District of Illinois CM/ECF electronic filing system.

      Dated this 9th day of May, 2013.

                                                            */s/ James J. Lukas, Jr.*
                                                            James J. Lukas, Jr.