# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OPTIONSHOUSE, LLC and PEAK6 INVESTMENTS, L.P.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-02394<br><br>Hon. Rebecca R. Pallmeyer<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ANSWERS TO DEFENDANT PEAK6 INVESTMENTS, L.P.'S COUNTERCLAIMS

Plaintiff Joao Bock Transactions Systems, LLC ("Plaintiff" or "JBTS") files this Answer to Defendant Peak6 Investments, L.P.'s ("Peak6") Counterclaims (hereinafter "the Counterclaims") as filed on May 9, 2013 (Dkt. No. 41) in response to JBTS's Original Complaint for Patent Infringement of U.S. Patent Nos. 6,047,270 (the "'270 Patent"), 6,529,725 (the "'725 Patent"), and 7,096,003 (the "'003 Patent") (collectively the "Patents-in-Suit").

　　　　1.　　　Upon information and belief, JBTS admits to the allegations set forth in paragraph 1 of the Counterclaims.

　　　　2.　　　JBTS denies that it is a Delaware corporation as set forth in paragraph 2 of the Counterclaims, but admits that it is a company formed in Delaware.

　　　　3.　　　JBTS admits to the allegations set forth in paragraph 3 of the Counterclaims.

　　　　4.　　　JBTS admits to the allegations set forth in paragraph 4 of the Counterclaims.

5. JBTS admits that it has alleged in its Original Complaint that Peak6 has directly infringed, induced infringement by its customers, and/or contributed to infringement by its customers, all of which acts are alleged to infringe the Patents-in-Suit. JBTS admits that an actual controversy exists between JBTS and Peak6 as set forth in paragraph 5 of the Counterclaims. JBTS denies the allegations of invalidity and unenforceability of the Patents-in-Suit set forth in paragraph 5 of the Counterclaims.

## FIRST COUNTERCLAIM - NON-INFRINGEMENT OF THE '270 PATENT

6. JBTS repeats and incorporates herein paragraphs 1 through 5 of Plaintiff's Answers to Defendant's Counterclaims as though they were fully set forth herein.

7. JBTS denies the allegations set forth in paragraph 7 of the Counterclaims.

8. JBTS denies the allegations set forth in paragraph 8 of the Counterclaims.

9. JBTS admits that Peak6 is seeking a declaratory judgment but denies that Peak6 is entitled to the relief requested in paragraph 9 of the Counterclaims.

10. JBTS admits that Peak6 is seeking a declaratory judgment but denies that Peak6 is entitled to the relief requested in paragraph 10 of the Counterclaims.

## SECOND COUNTERCLAIM – INVALIDITY OF THE '270 PATENT

11. JBTS repeats and incorporates herein paragraphs 1 through 10 of Plaintiff's Answers to Defendant's Counterclaims as though they were fully set forth herein.

12. JBTS denies the allegations set forth in paragraph 12 of the Counterclaims.

13. JBTS admits that Peak6 is seeking a declaratory judgment of invalidity of the '270 Patent in paragraph 13 of the Counterclaims but denies that Peak6 is entitled to the relief requested.

### THIRD COUNTERCLAIM – NON-INFRINGEMENT OF THE '725 PATENT

14. JBTS repeats and incorporates herein paragraphs 1 through 13 of Plaintiff's Answers to Defendant's Counterclaims as though they were fully set forth herein.

15. JBTS denies the allegations set forth in paragraph 15 of the Counterclaims.

16. JBTS denies the allegations set forth in paragraph 16 of the Counterclaims.

17. JBTS admits that Peak6 is seeking a declaratory judgment but denies that Peak6 is entitled to the relief requested in paragraph 17 of the Counterclaims.

18. JBTS admits that Peak6 is seeking a declaratory judgment but denies that Peak6 is entitled to the relief requested in paragraph 18 of the Counterclaims.

### FOURTH COUNTERCLAIM – INVALIDITY OF THE '725 PATENT

19. JBTS repeats and incorporates herein paragraphs 1 through 18 of Plaintiff's Answers to Defendant's Counterclaims as though they were fully set forth herein.

20. JBTS denies the allegations set forth in paragraph 20 of the Counterclaims.

21. JBTS admits that Peak6 is seeking a declaratory judgment of invalidity of the '725 Patent in paragraph 21 of the Counterclaims but denies that Peak6 is entitled to the relief requested.

### FIFTH COUNTERCLAIM – NON-INFRINGMENT OF THE '003 PATENT

22. JBTS repeats and incorporates herein paragraphs 1 through 21 of Plaintiff's Answers to Defendant's Counterclaims as though they were fully set forth herein.

23. JBTS denies the allegations set forth in paragraph 23 of the Counterclaims.

24. JBTS denies the allegations set forth in paragraph 24 of the Counterclaims.

25. JBTS admits that Peak6 is seeking a declaratory judgment but denies that Peak6 is entitled to the relief requested in paragraph 25 of the Counterclaims.

26. JBTS admits that Peak6 is seeking a declaratory judgment but denies that Peak6 is entitled to the relief requested in paragraph 26 of the Counterclaims.

## SIXTH COUNTERCLAIM – INVALIDITY OF THE '003 PATENT

27. JBTS repeats and incorporates herein paragraphs 1 through 26 of Plaintiff's Answers to Defendant's Counterclaims as though they were fully set forth herein.

28. JBTS denies the allegations set forth in paragraph 28 of the Counterclaims.

29. JBTS admits that Peak6 is seeking a declaratory judgment of invalidity of the '003 Patent in paragraph 29 of the Counterclaims but denies that Peak6 is entitled to the relief requested.

## PEAK6'S PRAYER FOR RELIEF

JBTS denies that Peak6 is entitled to the relief requested in subparagraphs a. through e. of the Prayer For Relief section of the Counterclaims or any other relief.

## JBTS'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Each cause of action set forth in Peak6's Counterclaims fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Peak6's Counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Peak6 has failed to make reasonable efforts to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Peak6's claims are subject to a set off based upon Peak6's and/or other parties' acts and wrongdoing.

### JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, JBTS respectfully demands a jury trial of all issues triable to a jury in this action.

### JBTS'S PRAYER FOR RELIEF

WHEREFORE, JBTS prays for judgment against Peak6 as follows:

A. For judgment dismissing Peak6's Counterclaims with prejudice;

B. An award of the costs of this action;

C. For a declaration that this is an exceptional case, and an award to JBTS of its attorneys' fees incurred herein; and

D. That JBTS be awarded such other and further relief as the Court may deem just and proper, including all relief requested in JBTS's Original Complaint.

Date: May 30, 2012

/s/ Maureen V. Abbey
Mark R. Miller (IL Bar No. 6283542)
**Wexler Wallace LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile : (312) 346-0022
Email: mrm@wexlerwallace.com

Maureen V. Abbey (*pro hac vice*)
**HENINGER GARRISON DAVIS, LLC**
220 Saint Paul Street
Westfield, NJ 07090
Telephone: 908-379-8475
Facsimile: 205-547-5500
Email: maureen@hgdlawfirm.com

Jonathan R. Miller (*pro hac vice* anticipated)
**HENINGER GARRISON DAVIS, LLC**
3621Vinings Slope, Suite 4320
Atlanta, Georgia  30339
Telephone: (404) 996-0863
Facsimile: (205) 547-5506
Email: jmiller@hgdlawfirm.com

Steven W. Ritcheson (*pro hac vice* anticipated)
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: switcheson@hgdlawfirm.com

*Attorneys for Plaintiff*
*JOAO BOCK TRANSACTION SYSTEMS, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing using the CM/ECF system which will automatically send a notice of filing of the foregoing document via electronic mail to all attorneys of record who have consented, and which constitutes service pursuant to Local Rule 5.9 and Fed. R. Civ. P. 5(b)(2)(E).

Dated: May 30, 2013

/s/ Maureen V. Abbey
Maureen V. Abbey, Esq.